IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD HALEY, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-328-MAC-CLS |
| | § | |
| CITY OF DAYTON, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO DISMISS (Doc. #7)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. Pending before the court is Defendant's Motion to Dismiss. (Doc. #7.) After review, the undersigned recommends denying the motion.

**I.      Background**

On September 1, 2023, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed suit alleging his former employer, Defendant City of Dayton, discriminated and retaliated against him in violation of Title VII. (Doc. #1.) Defendant filed the instant Motion to Dismiss on October 23, 2023, but failed to properly serve Plaintiff. (Doc. #7.) Pursuant to a court order, Defendant ultimately served Plaintiff on November 14, 2023. (Docs. #9, #10.) Plaintiff timely responded. (Doc. #12.) To rule on Defendant's Motion to Dismiss, however, the undersigned required additional information and, therefore, ordered Plaintiff to file an amended complaint. (Doc. #16.) Plaintiff complied and filed his operative, amended complaint on February 5, 2024. (Doc. #22.)

Defendant filed an answer to the amended complaint and a motion for judgment on the pleadings on February 20, 2024. (Docs. #24, #25.) The motion for judgment on the pleadings appeared to supersede Defendant's Motion to Dismiss. The undersigned, however, struck the new motion as Defendant again failed to properly serve Plaintiff. (Doc. #28.) Accordingly, the instant Motion to Dismiss remains pending over Plaintiff's amended complaint.

In his amended complaint, Plaintiff alleges Defendant violated Title VII in two ways. First, Plaintiff, who is African American and over forty-years-old, alleges Defendant discriminated against him on the basis of age and race when it terminated Plaintiff by claiming his position of a light equipment operator was eliminated. Plaintiff pleads that his position was not actually eliminated, but instead given to a younger, white man named Riley Alexander who had less experience. Second, Plaintiff alleges Defendant retaliated against him for a complaint he filed with the EEOC in February 2022.

## II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see*

*also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555.  To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Great Lakes Dredge,* 624 F.3d at 210.  However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  *Iqbal,* 556 U.S. at 679.  The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits.  *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiffs' pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

**III.   Discussion and Analysis**

In its Motion to Dismiss, Defendant argues that (1) Plaintiff failed to exhaust remedies before filing suit, and (2) Plaintiff does not state a failure to rehire claim.  (Doc. #7.)  The undersigned will address each argument in turn.

A.  <u>Plaintiff Exhausted Remedies Before Filing Suit</u>

Before filing a Title VII suit, a plaintiff must exhaust his available administrative remedies by filing a timely complaint with the Equal Employment Opportunity Commission (EEOC).  *Hall v. Cont'l Airlines, Inc.*, 252 F. App'x 650, 653 (5th Cir. 2007).  An EEOC complaint is timely if filed within three-hundred (300) days of the relevant incident of age or race discrimination.  42 U.S.C.A. § 2000e-5 (West); *see Mendoza v. City of Splendora*, No. CV H-21-820, 2022 WL 493597, at *1 (S.D. Tex. Jan. 18, 2022), *R&R adopted*, No. 4:21-CV-00820, 2022 WL 489469 (S.D. Tex. Feb. 17, 2022).  Here, Plaintiff alleges he was terminated on March 31, 2022, and filed

3

a complaint with the EEOC ninety-seven days later on July 6, 2022. (Doc. #22 at 2, 7.) According to the complaint, Plaintiff received the notice to sue from the EEOC on August 17, 2023. (*Id.* at 2.) He then filed suit on September 1, 2023. (Doc. #1.) Defendant's Motion to Dismiss should, therefore, be denied as to the argument that Plaintiff failed to exhaust remedies before filing suit.

### B.  Plaintiff Does Not Plead a Failure to Rehire Claim

Defendant interprets Plaintiff's Title VII discrimination claim as a failure to rehire claim and argues Plaintiff fails to properly state this claim as he does not allege he applied for a new job with Defendant. A failure to rehire claim, however, is merely one type of discrimination claim. *See Lucenio v. Houston Indep. Sch. Dist.*, No. 4:21-CV-00650, 2022 WL 658838, at *14 (S.D. Tex. Feb. 16, 2022), *R&R adopted*, No. 4:21-CV-00650, 2022 WL 658719 (S.D. Tex. Mar. 4, 2022) (outlining a *prima facie* case for a failure to hire claim under Title VII); *King v. Ellis Pottery, Inc.*, No. CV 15-2363, 2016 WL 5316640, at *3 (W.D. La. Sept. 21, 2016) (outlining a *prima facia* case of discrimination generally under Title VII).

Plaintiff pleads that he was discriminated against on account of his race and age. Specifically, Plaintiff, a black man in his forties, alleges he was terminated on March 31, 2022, when Defendant informed him his position of light equipment operator was being eliminated. Plaintiff claims the position was not actually eliminated but, instead, given to a younger, white man named Alexander Riley. Plaintiff does not claim to have applied for another job with Defendant, nor does he allege Defendant failed to rehire him. As Plaintiff does not raise a failure to rehire claim, Defendant's argument that he fails to plead such a claim should be denied as moot.

### IV.  Conclusion

Plaintiff exhausted administrative remedies before filing the suit. Additionally, Defendant's request to dismiss Plaintiff's failure to rehire claim is moot because Plaintiff does not allege such a claim.

### V.     Recommendation

For the foregoing reasons, the undersigned recommends **DENYING** Defendant's Motion to Dismiss (doc. #7) in full.

### VI.    Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 30th day of April, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE